Filed 12/15/15  David v. City of Santa Monica CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| SHARON DAVID,<br><br>　　　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>CITY OF SANTA MONICA et al.,<br><br>　　　　　　Defendants and Respondents. | B257674<br><br>(Los Angeles County<br>　Super. Ct. No. BC508509) |


APPEAL from the judgment of the Superior Court of Los Angeles County. Gregory Alarcon, Judge.  Affirmed.

Sharon David, in pro. per., for Plaintiff and Appellant.

Marsha Jones Moutrie, City Attorney, and Karen S. Duryea, Deputy City Attorney, for Defendant and Respondent City of Santa Monica.

Meller & Floyd and Eric Meller for Defendants and Respondents Universal Management, LLC and Bob Badiyan.


\* \* \* \* \* \* \* \* \* \*

Defendants and respondents City of Santa Monica (City), Universal Management, LLC (Universal), and Bob Badiyan (Badiyan) successfully demurred to plaintiff and appellant Sharon David's first amended complaint for breach of contract. Plaintiff now appeals from the judgment of dismissal entered after the trial court's ruling on the demurrers, contending the court erred in refusing to allow her another opportunity to cure the defects in her pleading. We conclude the demurrers were properly sustained without leave to amend, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On appeal from a judgment dismissing an action after the sustaining of a demurrer without leave to amend, our review is de novo. (*Aubry v. Tri-City Hospital District* (1992) 2 Cal.4th 962, 966-967 (*Aubry*); accord, *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.) For the limited purpose of reviewing the propriety of the trial court's ruling, we accept as true all well-pled factual allegations in the operative complaint, as well as any facts that may be reasonably implied or inferred from those expressly alleged. (*Aubry*, at pp. 966-967; accord, *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We do not "however, assume the truth of contentions, deductions or conclusions of law." (*Aubry*, at p. 967.)

Our factual summary is drawn from the allegations of the operative first amended complaint, including the attached exhibits, according to this well-established standard. (See *Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505 ["[T]o the extent the factual allegations conflict with the content of the exhibits to the complaint, we rely on and accept as true the contents of the exhibits and treat as surplusage the pleader's allegations as to the legal effect of the exhibits"].)

The operative pleading is unclear and ambiguous in many aspects, so we have included in our factual summary some of the material facts from the original complaint that aid in understanding the amended complaint.

In 1997, defendant City entered into a written agreement with defendant Badiyan in his capacity as trustee for the S.T.B. Family Trust (the "Agreement"). The trust owned a parcel of real property located on 16th Street in the City, and the Agreement covered

various aspects of the development of that property, including the construction of an 18-unit apartment building. As relevant here, the Agreement provided that all 18 units would be "deed restricted for moderate income households." The Agreement further provided that "[i]f the affordable rents are below the Section 8 Program 'Fair Market Rents' Developer shall make the units available for occupancy to Section 8 Housing Assistance Program Certificate Holders by listing the units with the local Housing Authority."[1]

Plaintiff was the "first tenant" to move into the apartment building in December 2000. Plaintiff suffers from an unspecified disability, which was exacerbated in 2007 when she was the victim of a violent crime. Plaintiff received Section 8 housing assistance from defendant City's Housing Authority.

In February 2008, defendants Badiyan and Universal attempted a "retaliatory" eviction of plaintiff.[2] The unlawful detainer complaint served on plaintiff alleged she owed back due rent in the amount of $1,571. (A copy of the unlawful detainer complaint is attached to plaintiff's first amended complaint.) Plaintiff, with the assistance of counsel, obtained a dismissal of the unlawful detainer action and remained in her apartment.

In April 2008, defendants Badiyan and Universal once again served plaintiff with a three-day notice to pay rent or quit. Defendants also served plaintiff with a letter dated April 25, 2008, explaining that their "contract" with defendant City's "Housing Authority will be cancelled" and requesting that plaintiff vacate her unit by June 30, 2008. (A copy of the letter is attached to plaintiff's first amended complaint.)

---

[1]    Section 8 housing assistance refers to the rental subsidies provided to qualifying individuals in accordance with Section 8 of the federal Housing Act of 1937 (42 U.S.C. § 1437f) administered by the United States Department of Housing and Urban Development.

[2]    It is not expressly alleged, but it appears defendant Universal is the management company that manages the subject property.

3

On April 28, 2008, plaintiff signed an agreement with defendant City under the City's Tenant Assisted Rental Payment Program (TARP) because defendants Badiyan and Universal had exercised their "right to cancel the Section 8 contract." Under the TARP agreement, plaintiff was to receive 24 months of rent subsidies, so long as she complied with the TARP program regulations. (A copy of the TARP agreement is attached to plaintiff's first amended complaint.)

Plaintiff alleged that defendants had "no just cause" to opt out of the Agreement to provide units to Section 8 recipients like plaintiff who were late in paying rent. Plaintiff alleged she was discriminated against because of her disability, economic status and her requests for reasonable accommodations.

Sometime in 2009, defendants Badiyan and Universal filed a third unlawful detainer action against plaintiff. Judgment was entered against plaintiff, but in January 2010, the judgment was set aside pursuant to a written stipulation for dismissal. Plaintiff's counsel "negotiated a relocation amount" equal to four months' rent, and plaintiff apparently vacated the unit.

On March 1, 2010, defendant City terminated plaintiff's TARP assistance.

On May 9, 2013, plaintiff filed this action for damages against defendants City, Universal, and Badiyan. The caption page of the complaint lists multiple theories of recovery against all defendants, but the complaint alleges only one cause of action for negligence.

Defendant City filed a demurrer to the complaint, arguing in part that negligence was not a viable theory against it as a government entity, the action was time-barred, and the pleading as a whole was fatally uncertain. On October 25, 2013, the court sustained the City's demurrer without leave to amend as to any negligence theory, but granted plaintiff 10 days leave to amend to attempt to state a claim for breach of contract only. On December 12, 2013, plaintiff filed her first amended complaint, with multiple attached exhibits.

Defendants City, Universal and Badiyan filed demurrers to plaintiff's first amended complaint. On February 19, 2014, the court sustained defendants' respective

4

demurrers to the first amended complaint without leave to amend. A dismissal of the entire action was signed and filed on May 2, 2014.

This appeal followed.

## DISCUSSION

Plaintiff contends she was denied the opportunity to cure the defects in her contract claim, and that she is entitled to a reversal of the dismissal of her action, with directions to the trial court to file her proposed second amended complaint. Plaintiff attached a copy of her proposed amended pleading to her opening brief to this court. Defendants contend that even assuming plaintiff could state a viable contract claim, any such claim is time-barred as a matter of law. We agree that the material facts admitted by plaintiff in her pleading demonstrate that her contract claim is time-barred, and the demurrers were therefore properly sustained without leave to amend.

At the original demurrer hearing, plaintiff obtained leave to amend to state a cause of action for breach of contract. The first amended complaint consisted of a partially completed form complaint, with several additional pages of supplemental allegations typewritten by plaintiff. Plaintiff also attached numerous exhibits to her first amended complaint, including two contracts: (1) the 1997 Agreement between Badiyan and the City regarding the development of the subject project; and (2) the April 2008 TARP agreement between plaintiff and the City.

The allegations regarding the contracts are often inconsistent and include references to a contract between plaintiff, Universal and City, although no such contract is alleged or attached as an exhibit to the first amended complaint. These inconsistencies notwithstanding, it is clear from reading the amended complaint as a whole that the gist of plaintiff's contract theory is that defendants Badiyan and Universal were without "just cause" to opt out of the 1997 Agreement with the City, and that she was wrongfully denied the right to continue to rent her unit at defendants' building as a Section 8 recipient. This is made abundantly clear by the proposed second amended complaint plaintiff attached to her opening brief to this court (p. 2, par. 5), in which she alleges all

5

defendants discriminated against her as a Section 8 recipient and that she is entitled to enforce the provisions of the 1997 Agreement as a third party beneficiary.

It is also equally clear that plaintiff pled and admitted that she knew in *April 2008* that defendants Badiyan and Universal had "opted out" of the relationship with Defendant City's Housing Authority. Plaintiff attached a copy to her first amended complaint of the April 25, 2008 letter sent by defendant Badiyan to her explaining that he had ended his relationship with the City.

Thereafter, plaintiff alleges that *because* defendants Badiyan and Universal opted out of the agreement with defendant City, she entered into the April 2008 TARP agreement with the City, under which she would receive an additional two years of housing assistance. Plaintiff received TARP assistance from the City for almost two years until those payments were terminated for an alleged failure by plaintiff to use the funds to pay rent.

Plaintiff does not allege compliance with the government claim requirements of Government Code section 911.2 which provides a one-year statute of limitation for contract claims against a government entity, like defendant City. Plaintiff does not make any allegations that any government claim was presented at any time. Plaintiff filed her lawsuit against the City and defendants Badiyan and Universal on May 9, 2013.

The statute of limitation for a contract claim based on a written instrument is four years. (Code Civ. Proc., § 337.) A cause of action for breach of contract accrues when "the contract has been breached." (*Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1042; see also 3 Witkin, Cal. Procedure (5th ed. 2010) Actions, § 520, p. 664 ["A cause of action for breach of contract ordinarily accrues at the time of breach, and the statute begins to run at that time regardless whether any damage is apparent or whether the injured party is aware of his or her right to sue"].)

It is undisputed that the breach of which plaintiff complains occurred no later than April 25, 2008, when defendants Badiyan and Universal, as plaintiff's then-landlord, gave notice to plaintiff they had opted out of the agreement with the City. Plaintiff alleges knowledge of this breach by receipt of the letter and by her actions in entering

6

into a separate relationship with the City under its TARP program to continue to receive rental subsidies. Plaintiff's lawsuit was filed on May 9, 2013, more than four years after the alleged breach of contract and is therefore time-barred as a matter of law.

In her reply brief, plaintiff argues her contract claim is governed by Code of Civil Procedure section 336 which provides a five-year statute of limitation for an "action for violation of a restriction, as defined in Section 784 of the Civil Code. The period prescribed in this subdivision runs from the time the person seeking to enforce the restriction discovered or, through the exercise of reasonable diligence, should have discovered the violation." (Code Civ. Proc., § 336, subd. (b).) Plaintiff argues that the 1997 Agreement between Badiyan and the City contained a provision that all units in the subject property would be deed restricted for moderate income tenants, and Section 8 recipients could not be discriminated against. Therefore, plaintiff states her claim is not an ordinary breach of contract claim but a claim for the violation of a deed restriction within the meaning of Section 784 and the longer five-year statute applies.

We need not consider the merits of this argument, because even if the five-year statute of limitation applies to plaintiff's claim, the action is still time-barred because it was filed more than five years after plaintiff had notice of Badiyan and Universal's cancellation of the Section 8 contract with the City.

Finally, the allegation in the form portion of plaintiff's first amended complaint that the breach occurred on "March 1, 2010" (paragraph BC-2) cannot save plaintiff's claim. The balance of her allegations, including the attached exhibits, unequivocally indicate that the alleged breach of which she complains was the allegedly improper opt out of the 1997 Agreement by defendants Badiyan and Universal in April 2008.

## DISPOSITION

The judgment of dismissal is affirmed. Defendants and respondents shall recover their respective costs on appeal.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.                    RUBIN, J.

7